# NO. 12-10-00352-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: DANIEL WAYNE WALKER,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

In this original mandamus proceeding, Relator Daniel Wayne Walker complains that the trial court has failed to rule on his "Motion to Request Self Representation and a Change of Venue."

A trial court has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Mandamus will not lie unless the movant shows he has called the motion to the trial court's attention and the trial court then failed or refused to rule within a reasonable time. *See id*. Relator alleges here that he filed his motion on September 15, 2010. He alleges further that, on the date the motion was filed, he was informed by the trial court that "he first had to admonish the relator as to the pros and cons of the relator['s] request and the consequences thereof, and he would also address the part in the motion about a change of venue." Although we cannot verify these allegations from the documents included in Relator's appendix, we will assume, for purposes of analysis, that the motion has been called to the trial court's attention.

According to Relator's allegations, approximately two months have passed since he filed his motion. Implicitly, he contends that two months is a reasonable time for the trial court to conduct a hearing and rule on the motion. However, Relator has not explained why two months is a "reasonable time." *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (holding that what constitutes

a reasonable time is dependent upon the circumstances of each case).  Consequently, he cannot show that he is entitled to mandamus relief.  Accordingly, Relator's petition for writ of mandamus is **denied**.

Opinion delivered December 15, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2